**FILED**
CLERK, U.S. DISTRICT COURT

Dec 3, 2025

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ pd _____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

March 2025 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 8:25-cr-00245-FWS |
| Plaintiff, | I N D I C T M E N T |
| v. | [21 U.S.C. § 841(a)(1), (b)(1)(A)(viii): Distribution of Methamphetamine; 18 U.S.C. § 922(g)(5): Alien in Possession of a Firearm; 21 U.S.C. § 853, 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c): Criminal Forfeiture] |
| WULFRANO BERNARDO VALERIO, | |
| Defendant. | |

The Grand Jury charges:

COUNT ONE

[21 U.S.C. § 841(a)(1), (b)(1)(A)(viii)]

On or about September 10, 2025, in Orange County, within the Central District of California, defendant WULFRANO BERNARDO VALERIO knowingly and intentionally distributed at least 50 grams, that is, approximately 54 grams, of methamphetamine, a Schedule II controlled substance.

COUNT TWO

[21 U.S.C. § 841(a)(1), (b)(1)(A)(viii)]

On or about September 23, 2025, in Orange County, within the Central District of California, defendant WULFRANO BERNARDO VALERIO knowingly and intentionally distributed at least 50 grams, that is, approximately 440 grams, of methamphetamine, a Schedule II controlled substance.

COUNT THREE

[18 U.S.C. § 922(g)(5)(A)]

On or about September 25, 2025, in Orange County, within the Central District of California, defendant WULFRANO BERNARDO VALERIO knowingly possessed a firearm, namely, a CZ P-10 9mm pistol bearing serial number CA H23691, in and affecting interstate and foreign commerce.

Defendant VALERIO possessed such firearm knowing that he was then an alien illegally and unlawfully in the United States.

FORFEITURE ALLEGATION ONE

[21 U.S.C. § 853]

1.    Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 21, United States Code, Section 853, in the event of the defendant's conviction of the offenses set forth in any of Counts One or Two of this Indictment.

2.    The defendant, if so convicted, shall forfeit to the United States of America the following:

(a)  All right, title and interest in any and all property, real or personal, constituting or derived from, any proceeds which the defendant obtained, directly or indirectly, from any such offense;

(b)  All right, title and interest in any and all property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of any such offense; and

(c)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a) and (b).

3.    Pursuant to Title 21, United States Code, Section 853(p), the defendant, if so convicted, shall forfeit substitute property if, by any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred,

//

//

4

sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

1.    Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offense set forth in Count Three of this Indictment.

2.    The defendant, if so convicted, shall forfeit to the United States of America the following:

(a)  All right, title, and interest in any firearm or ammunition involved in or used in such offense; and

(b)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.    Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been

//

//

//

substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

_/s/_

Foreperson

BILAL A. ESSAYLI
First Assistant United States
Attorney

ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division

MARK TAKLA
Assistant United States Attorney
Chief, Orange County Office

GREGORY W. STAPLES
Assistant United States Attorney
Orange County Office

7